### LEAVITT *v.* CHASE.

(*Superior Court of New York City, General Term.*    April 16, 1891.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

   In an action by an attorney for professional services, the evidence was conflicting as to whether an agreement fixing the compensation therefor, which had been abrogated by a letter from plaintiff to defendant, had been reinstated by the withdrawal of the letter, as claimed by defendant. *Held*, that the finding of a referee thereupon in favor of plaintiff would be sustained on appeal, although defendant's testimony was corroborated by that of his attorney, who was a brother of plaintiff, and had been connected with him in business.

2. COMPENSATION OF ATTORNEY—EVIDENCE.

   The defendant and plaintiff's brother testified that, after the abrogation of the original contract, other agreements were made as to the compensation to be paid to plaintiff for services he was to render. Plaintiff's brother was not his partner, and no relation existed between them which authorized him to bind plaintiff by special contracts made for him; and plaintiff denied that he had knowledge of the agreement. *Held*, that a finding of the referee that plaintiff was not bound by such agreements should be sustained.

Appeal from judgment on report of referee.

Action by John Brooks Leavitt against Louis S. Chase. Defendant appeals from a judgment for plaintiff entered on trial by a referee.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Robert G. Ingersoll*, for appellant.    *Austen G. Fox*, for respondent.

INGRAHAM, J.    This action was brought to recover for legal services rendered by plaintiff to defendant. The substantial questions litigated before the referee are questions of fact, and the determination of this appeal has required an extended examination of the extremely voluminous briefs and a large portion of the testimony before the referee. There was a sharp conflict of evidence as to the agreement under which the plaintiff performed the services. Whether it was under the agreement made October 1, 1882, or whether that agreement had been abrogated, and the services performed without a special contract as to the compensation to be paid, depended upon whether the referee believed the testimony of the plaintiff, or that of the defendant, corroborated by the evidence of the plaintiff's brother, who had been connected with plaintiff in business, but who now appears as attorney for the defendant. It was conceded that a letter had been written by plaintiff to defendant on December, 1883, which would abrogate the agreement of October, 1882. Defendant, however, claims that that letter had been withdrawn, and the agreement of October, 1882, reinstated. That question was for the referee. The other questions were passed on by the referee in favor of plaintiff, and his findings were, I think, sustained by the evidence. It is, however, clear that the evidence did not so greatly preponderate in favor of the defendant as to justify the court in reversing the judgment on the ground that the conclusions arrived at by the referee were against the weight of evidence. I have arrived at this result after extended examination of the case, but no good purpose would be subserved by a reference to the testimony which has led me to that conclusion. The questions of law presented are not impor-

tant, and do not require extended consideration. After the agreement of October, 1887, was made it cannot be said .that the relations that existed between the plaintiff and his brother were such as authorized plaintiff's brother to bind him by special contracts made for him. The referee has found that the plaintiff and his brother were not partners, and that finding is amply sustained by the evidence. Plaintiff's brother was not an attorney, and the contract was made with the plaintiff alone. Under the circumstances as they appear, even admitting that the referee believed the plaintiff's brother and the defendant as to the agreements that they made between themselves as to the compensation to be paid to plaintiff for services he was to render, I think the referee was justified in finding that those agreements were not binding upon the plaintiff, unless communicated to and ratified by him, and such knowledge of the agreements or ratification was expressly and strenuously denied by the plaintiff. The question having been left to the determination of the referee, and he having found the disputed questions of fact in favor of the respondents upon evidence which is sufficient to sustain the finding, and no principle of law having been violated that requires a reversal of the judgment, I think the judgment should be affirmed, with costs. All concur.